FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

APR 2 4 2008

DAVID J. MALAND, CLERK
BY
DEPUTY _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:03cr47.1 |
| | § | |
| BRIAN WELLS | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 14, 2008 to determine whether the Defendant violated his supervised release. The Defendant was represented by Donald Hoover. The Government was represented by Randy Blake.

On September 17, 2003, the Defendant was sentenced by the Honorable Leonard Davis, United States District Judge, to 5 months imprisonment, followed by a 4-year term of supervised release for the offense of Bank Fraud. On September 24, 2003, Defendant was released from custody and ordered to commence service of a 4-year term of supervised release.

On June 20, 2005, the U.S. Probation Officer filed a Petition for Warrant or Summons for Offender Under Supervision (Dkt. 30). The petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month; (2) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer; (3) Defendant shall support his or her dependents and meet

other family responsibilities; (4) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (5) Defendant shall pay restitution in the amount of $20,383.29; and (6) Defendant shall provide the probation officer with access to any requested financial information for purposes of monitoring restitution payments and lawful employment.

The petition alleges that Defendant committed the following violations: (1) on April 4, 2005, a letter was mailed to Defendant's residence instructing him to report in person to the U.S. Probation Office on April 20, 2005, at 1:15 p.m. for DNA collection, and Defendant failed to report on April 20, 2005; (2) on March 23, 2005, an appointment notice was mailed to Defendant's residence instructing him to report in person to the U.S. Probation Office on March 28, 2005, at 9:00 a.m., Defendant failed to report as instructed, and, as of June 20, 2005, Defendant's whereabouts were unknown because he last reported to the U.S. Probation Office on January 13, 2005; (3) on December 13, 2004, Defendant informed his U.S. Probation officer that he had been regularly employed by Pro Staff temporary employment agency, but Defendant failed to provide proof of employment with Pro Staff for the months of September, October, November, and December 2004, and January, February, March, and April 2005; (4) on January 24, 2005 the U.S. Probation Office received a call from the Attorney General's office advising that a warrant for Defendant's arrest was issued by the agency for failure to pay child support as directed; (5) on September 26, 2003, Defendant was instructed by his U.S. Probation officer to obtain gainful employment, but during the months of October, November, and December 2003, and March, April, May, June, July 2004, Defendant failed to obtain gainful employment; (6) on November 3, 2003, Defendant executed a payment schedule to commence restitution payments on December 5, 2003, in the amount of $200

per month, Defendant is in default of his restitution payments as he has failed to submit restitution payments for the months of December 2003, January, February, March, April, May, June, July, September, October, November and December 2004, and January, February, March, and April 2005, and a balance of $20,183.29 remained as of June 20, 2005; (7) on December 28, 2004, Defendant was instructed in writing to submit his 2004 Tax Return to his U.S. Probation Officer by April 18, 2005, and Defendant failed to submit his 2004 Tax Return as instructed; and (8) on February 11, 2005, Defendant was mailed a personal financial statement with instructions to complete and return to the U.S. Probation Office by February 25, 2005, and Defendant failed to submit said document as instructed.

Prior to the Government putting on its case, the Defendant entered a plea of true to the alleged violations and stated it had no objections to the U.S. Probation Officer's recommendations as to revocation. At the hearing, the Court recommended that Defendant's supervised release be revoked.

## **RECOMMENDATION**

The Court recommends that the District Court revoke the Defendant's supervised release. Pursuant to the Sentencing Reform Act of 1984, the Court recommends that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of nine (9) months, followed by fifty-one (51) months supervised release. Within 72 hours of release from the custody of the Bureau of Prisons, Defendant should be required to report in person to the probation office in the district to which Defendant is released.

While on supervised release, Defendant should not commit another Federal, state, or local crime, should comply with the standard conditions that have been adopted by this Court, and should

comply with the following additional conditions:

Defendant should pay restitution totaling $20,183.29 to the victims listed in the "Victim Impact" section of the Pre-sentence Report, and the restitution payments should begin immediately. Any amount that remains unpaid when the Defendant's supervision commences should be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances pursuant 18 U.S.C. §3664(k). Additionally, at least 50% of receipts received from income tax returns, inheritances, non-recurring bonuses, and lawsuit awards should be paid toward the unpaid restitution balance within 15 days of receipt. The restitution is payable by cashier's check or money order made out to the United States District Court and forwarded to the Fine and Restitution Section, U.S. Courts, P.O. Box 570, Tyler, Texas 75710.

Defendant should provide the probation officer with access to any requested financial information for purposes of monitoring income and employment.

Defendant should not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

**SIGNED** this ___ day of __April__, 2008.

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE